# EXHIBIT 1

## DECLARATION OF KRISTEN OAKLEY

1.      My name is Kristen Oakley. I am over 18 years old and competent to give this declaration under penalty of perjury. All facts herein are within my personal knowledge and are true and correct.

2.      On August 17, 2017, I was walking through my office lobby when I saw a man standing outside the locked glass doors who looked like he was waiting to get inside. I opened the door and he asked "Is this Independent Truckers Group?" or words to that effect. I said they were in the building. He handed me the papers attached hereto as **Exhibit A**, which was a lawsuit summons. He asked my name and I gave it as "Kristen Oakley." He then left. He did not identify himself.

3.      I have reviewed the return of service attached hereto as **Exhibit B**. Contrary to the return of service, I am not a "Vice President" at Independent Truckers Group ("ITG") and I did not identify myself as such or state any other position. I am not and have never been an employee of ITG, an officer of ITG, an authorized agent for service on behalf of ITG for any purpose, or an authorized representative of ITG for any purpose.

*Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on September 26, 2017:*

DECLARANT KRISTEN OAKLEY

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CASE NO.

JOHN NORTHRUP, Individually and on behalf
of a Class of Similarly Situated Individuals,

    Plaintiff,

vs.

ITG INSURANCE AGENCY LLC,
INDEPENDENT TRUCKERS GROUP, AND
HALLMARK FINANCIAL SERVICES, INC.

    Defendants.

_____/



### CLASS ACTION COMPLAINT

    Plaintiff John Northrup, on behalf of himself and all others similarly situated, alleges and avers as follows:

### INTRODUCTION

1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ITG Insurance Agency LLC, Independent Truckers Group, and Hallmark Financial Services, Inc. ("Defendants"), in negligently, and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

2.      Plaintiff John Northrup is an individual who resides in Hillsborough County, Florida.

3.      Defendant ITG Insurance Agency LLC, is a Texas limited liability company, with principal address at 6713 Mossberg, Plano, TX 75023. It may be served through its registered agent for service, Teresa Gilbert at 6713 Mossberg, Plano, TX 75023.

4.      Defendant, Independent Truckers Group is a company with headquarters at 15280 Addison Road, Suite 250, Addison, Texas 75001. It may be served at that address.

5.      Defendant Hallmark Financial Services, Inc., is a Texas corporation, with principal place of business at 777 Main St., Suite 1000, Fort Worth, TX, 76102. It also conducts business at 15280 Addison Road, Suite 250, Addison, Texas 75001. Its registered agent for service is Mark E. Schwartz, 777 Main St., Suite 1000, Fort Worth, TX, 76102. Hallmark owns and operates multiple companies out of the Addison Road address, including Independent Truckers Group and other companies that sell insurance and other services, targeting particular industries.

6.      Defendants are jointly and severally liable for the acts alleged herein because they work together out of the Addison Road headquarters to market to truckers like Plaintiff by sending unsolicited text messages in violation of federal law.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action and all the Defendants pursuant to 28 U.S.C. § 1331 in that this action arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"). The TCPA specifically

2

authorizes this Court to exercise jurisdiction.

8.     Jurisdiction is also proper under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the text message at issue was sent to a mobile phone number registered in this District.

**GENERAL ALLEGATIONS**

10.     Defendants operate under the names "Independent Truckers Group," "ITG Trucking," and "ITG Insurance Agency." They market insurance and other services to trucking companies throughout the country from their headquarters in Addison, Texas. They operate the website www.itgtrucking.com.

11.     Defendants made the deliberate decision to engage in bulk marketing by sending truckers, including the Plaintiff, advertisements through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone

3

subscribers to use their cellular telephones to send and receive short text messages.

12.     An "SMS message" is a text message directed to a wireless device through the use of the telephone number assigned to the device. For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), a text message is considered to be a call. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115, ¶ 165 (2003) ("2003 TCPA Order").

13.     When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notifies the recipient of the text message that a text message is being received.

14.     As cellular telephones are inherently mobile and are carried by their owners at all times, text messages are received by the called party virtually anywhere.

15.     Unlike standard advertising methods, bulk advertising by use of text messages cost recipients money, because cell phone users typically pay for the text messages they receive, either individually, or in bulk.

16.     Over the course of an extended period beginning no later than in 2015, Defendants and their agents directed the mass transmission of text messages to the cell phones of persons they hoped were potential customers of Defendants' services.

17.     On June 30, 2017, at 2:40 pm Eastern time, Plaintiff received an unsolicited SMS or "text" message to his wireless phone in Florida. The text was sent to his wireless phone number with area code 813 (the area code for Tampa, Florida and surrounding areas). It stated:

> Hate the high price of Obama Care? Call for a free $250 rewards card and free healthcare quote. TRUCKER plans start less than $59 a month. 214-396-6822

18.     Although Defendants are located in Texas. They sent the text message from an automatic texting service that uses a phone number with area code 208, which is in Idaho. Plaintiff called the phone number listed in the text message and spoke to a representative of Defendants, Donna Morgan, who said she was calling on behalf of Independent Truckers Group, the largest independent truckers group in America. Plaintiff asked the representative how Defendants' obtained his phone number and the representative immediately terminated the call. Accordingly, it appears that Defendants know that their text message campaign is illegal.

19.     Plaintiff provided no consent to receive this text message, which was sent by Defendants in an effort to promote the sale of their health insurance plans to truck drivers.

20.     The unsolicited text messages placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

21.     "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

22.     "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

23.     The telephone numbers that the Defendants, or their agents, sent the text messages to were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

24. These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i) and applicable regulations which make clear that texts are included within the TCPA.

25. Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(B).

26. The text message by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

27. Plaintiff, John Northrup, has standing to bring these claims because Defendants' violation of the TCPA resulted in a concrete and particularized injury to him, in the form of invasion of privacy, an unwanted and unauthorized text message received by his cell phone, which caused wasted time addressing an unwanted text message, unwarranted distraction from his work activities (including driving large trucks, and loading and unloading products), aggravation and distress, unavailability of his cell phone when it was receiving the unauthorized text message, depletion of his cell phone's battery and the resulting cost to recharge the phone, and potential financial loss in the form of increased charges from his cell phone carrier.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

29. Plaintiff represents, and is a member of the Class, consisting of: all persons within the United States who received an unsolicited SMS or text message from a Defendant, or an agent of a Defendant, on a paging service, cellular phone service, or other service, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3)

or artificial or prerecorded voice, which SMS or text messages by a Defendant (or agent of a Defendant) was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

30.     Defendants and their employees or agents are excluded from the Class.

31.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the particularized and concrete ways set forth above.

33.     This suit seeks only statutory damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

34.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

35.     The Class can be identified through Defendants' records or Defendants' agents' records.

36.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

37.     The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed cellular telephone SMS or text messages for purposes of soliciting

new customers without the recipients' prior express consent;

    b.     What systems and methodologies were used to collect the cell phone numbers, and send the text messages at issue in this case;

    c.     Whether the systems used to place the cellular telephone SMS or text messages constituted automatic telephone dialing systems under the TCPA;

    d.     Whether either Defendant's violation of the TCPA was willful or knowing, such that the award should be increased up to three times pursuant to 47 USC §227(b)(3)(c); and

    e.     Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

38.     As a person who received at least one unsolicited telephone SMS or text message without his prior express consent, Plaintiff is asserting claims that are typical of the Class.

39.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.

41.     Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.

42.     Because of the size of the individual Class member's claims, few, if any, Class members could not afford to individually seek legal redress for the wrongs complained of herein.

43.     Plaintiff has retained counsel experienced in handling class action claims of this

nature.

44.     A class action is a superior method for the fair and efficient adjudication of this controversy.

45.     Class-wide damages are essential to induce Defendants to comply with federal law.

46.     The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of the TCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many individual claims.

47.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

48.     The members of the Class are capable of being readily ascertained from the information and records in the possession or control of Defendants.

49.     The Class members are so numerous that individual joinder of all members is impractical.

50.     Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

51.     Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class. Plaintiff has been subject to the same unlawful acts as the rest of the Class members and is ready, willing and able to serve as a Class representative. Moreover, Plaintiff's counsel are experienced in handling complex litigation, and have extensive class action

experience and a long track record of successful prosecution of class action cases. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

52.     Certification of a Class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek liquidated statutory monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendants.

53.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(1), in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

54.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate respecting the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ**

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were sent without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

57.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 each in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

a.  As a result of Defendants,' and Defendants' agents,' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

c.  As a result of Defendants,' and Defendants' agents,' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

d.  Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

e.  Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

58.   Plaintiff incorporates by reference all of the above paragraphs 1-55 of this Complaint as though fully stated herein.

59.   Upon information and belief, Defendants violations of the TCPA were willful and/or knowing. Accordingly, Plaintiff and the Class are entitled to have their awards increased to an amount not more than three times the $500 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

12

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants: As a result of Defendants', and Defendants' agents', willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

a. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

b. As a result of Defendants,' and Defendants' agents,' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

c. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

d. Reasonable and necessary attorneys' fees and expenses.

e. Any other relief the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 8, 2017                   Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
E-mail: seth@pathtojsutice.com
FARMER, JAFFE, WEISSING,
EDWARDS FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

and

Cory S. Fein (*Pro Hac Vice to be filed*)
E-mail: cory@coryfeinlaw.com
CORY FEIN LAW FIRM
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601

*Attorneys for Plaintiff*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

|  |  |
|---|---|
| JOHN NORTHRUP, Individually and on behalf of a Class of Similarly Situated Individuals, *Plaintiff(s)* <br><br> v. <br><br> ITG INSURANCE AGENCY LLC, INDEPENDENT TRUCKERS GROUP, AND HALLMARK FINANCIAL SERVICES, INC., *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 8:17cv1890T36 JSS |

RECEIVED
2017 AUG -9 PM 1:44
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  INDEPENDENT TRUCKERS GROUP,
Through its President or other Official,
15280 Addison Road, Suite 250
Addison, Texas 75001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Seth M. Lehrman, Esq.
Farmer, Jaffe, Weissing,Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: 954-524-2820; Facsimile: 954-524-2822

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  AUG - 9 2017

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP, Individually and on
behalf of a Class of Similarly Situated
Individuals,

      Plaintiff,

v.                           Case No: 8:17-cv-1890-T-36JSS

ITG INSURANCE AGENCY LLC,
INDEPENDENT TRUCKERS GROUP,
and HALLMARK FINANCIAL SERVICES,
INC.,

      Defendants.

_____

RELATED CASE ORDER
AND TRACK TWO NOTICE

It is hereby **ORDERED** that, no later than fourteen days from the date of this Order,

counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve

a certification as to whether the instant action should be designated as a similar or

successive case pursuant to Local Rule 1.04(a) or (b).   The parties shall utilize the

attached form NOTICE OF PENDENCY OF OTHER ACTIONS.   It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is

designated a **Track Two** case.   All parties must comply with the requirements

established in Local Rule 3.05 for Track Two cases.   Counsel and any unrepresented

party shall meet within sixty days after service of the complaint upon any defendant for

the purpose of preparing and filing a Case Management Report.   The parties shall utilize

the **attached** Case Management Report form.   Unless otherwise ordered by the Court,

a party may not seek discovery from any source before the meeting.   Fed. R. Civ. P. 26

(d); Local Rule 3.05(c)(2)(B).   *Plaintiff is responsible for serving a copy of this notice and order with attachments upon each party no later than fourteen days after appearance of the party.*

August 9, 2017

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Attachments: Notice of Pendency of Other Actions [mandatory form]
Case Management Report [mandatory form]
Magistrate Judge Consent / Letter to Counsel
Magistrate Judge Consent Form / Entire Case
Magistrate Judge Consent / Specified Motions

Copies to:   All Counsel of Record
All *Pro Se* Parties

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN NORTHRUP, Individually and on
behalf of a Class of Similarly Situated
Individuals,,

     Plaintiff,

v.                                   Case No: 8:17-cv-1890-T-36JSS

ITG INSURANCE AGENCY LLC,
INDEPENDENT TRUCKERS GROUP,
and HALLMARK FINANCIAL SERVICES,
INC.,

     Defendants.

_____

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(d), I certify that the instant action:

_____ IS        related to pending or closed civil or criminal case(s) previously filed
in this Court, or any other Federal or State court, or administrative
agency as indicated below:

_____

_____

_____

_____

_____ IS NOT   related to any pending or closed civil or criminal case filed with this
Court, or any other Federal or State court, or administrative agency.

I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER
ACTIONS upon each party no later than fourteen days after appearance of the party.

Dated:

_____
Counsel of Record or *Pro Se* Party

[Address and Telephone]



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

August 1, 2015

Dear Counsel:

Enclosed with this letter is a communication from the Clerk of this Court affording you the opportunity, with the approval of the U.S. District Judge, to consent to the reference of any part or all of the proceedings in this case to a U.S. Magistrate Judge, including reference for final disposition.

Careful consideration should be given to this option.

To assist the federal courts in coping with dramatically increased caseloads, Congress authorized the reference to a U.S. Magistrate Judge of any part or all of the proceedings in a civil case, both jury and non-jury, upon consent of all parties (28 U.S.C. § 636[c]). All of the U.S. District Judges in this District refer cases under this provision to our able and experienced U.S. Magistrate Judges who are almost always able to schedule early and firm trial dates, in accordance with the needs of the parties.

Whether to consent to a reference to a U.S. Magistrate Judge is entirely up to you and your client. This case has not been specifically selected for this program; the Clerk sends out this notice in every civil case. If a party declines to consent to a reference, that fact is known only to the Clerk and not to any of the District or Magistrate Judges.

This program has proved to be of great benefit to counsel, client, and the Court.

Sincerely yours,

Hon. Steven D. Merryday, Chief Judge

Hon. Charlene Edwards Honeywell

Hon. Elizabeth A. Kovachevich

Hon. Roy B. Dalton, Jr

Hon. James D. Whittemore

Hon. Sheri Polster Chappell

Hon. Timothy J. Corrigan

Hon. Brian J. Davis

Hon. Virginia Hernandez Covington

Hon. Paul G. Byron

Hon. Marcia Morales Howard

Hon. Carlos E. Mendoza

Hon. Mary S. Scriven

AO 85 (Rev. 01/09)   Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| JOHN NORTHRUP | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    8:17-cv-1890-T-36JSS |
| ITG INSURANCE AGENCY LLC, et al. | ) | |
| *Defendants* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*   A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*   The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## Reference Order

**IT IS ORDERED:**   This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.   Do not return this form to a judge.

AO 85A   (Rev. 01/09) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | | |
|---|---|---|
| JOHN NORTHRUP | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:17-cv-1890-T-36JSS |
| ITG INSURANCE AGENCY LLC, et al. | ) | |
| *Defendants* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*   A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*   The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

**Motions:** _____

_____

_____

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____

_____

*District Judge's signature*

_____

*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.   Do not return this form to a judge.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP, Individually and on
behalf of a Class of Similarly Situated
Individuals,,

       Plaintiff,

v.                                   Case No: 8:17-cv-1890-T-36JSS

ITG INSURANCE AGENCY LLC,
INDEPENDENT TRUCKERS GROUP,
and HALLMARK FINANCIAL SERVICES,
INC.,

       Defendants.

_____

## CASE MANAGEMENT REPORT

**The parties have agreed on the following dates and discovery plan pursuant**

**to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting]** | |
| **Certificate of Interested Persons and Corporate Disclosure Statement [Each party who has not previously filed must file immediately]** | |
| **Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting]** | |
| **Disclosure of Expert Reports Plaintiff: Defendant: [Court recommends 1 - 2 months before discovery deadline to allow expert depositions]** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 5 months or more before trial term begins] | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference] | |
| **All Other Motions Including Motions *In Limine*** [Court recommends 3 weeks before Final Pre-trial Conference] | |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | |
| **Estimated Length of Trial   [trial days]** | |
| **Jury / Non-Jury** | |
| **Mediation Deadline:** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____**<br>   **No____**<br><br>**Likely to Agree in Future _____** |

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1]  a meeting was held in person on _____ (date) at _____ (time) at _ (place) and was attended by:

Name                                    Counsel for (if applicable)

## II.      Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _____ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

     on           by(check one)       _____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

III.   **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

    _____ No party anticipates the disclosure or discovery of ESI in this case;

    _____ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

---

[2]   See Generally: *Rules Advisory Committee Notes* to the 2006

A.   The form or forms in which ESI should be produced.


B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

.

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.


D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.


E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.


F.   Any issues relating to preservation of discoverable ESI.

---

Amendments to Rule 26 (f) and Rule 16.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502.   If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.   The parties should attempt to agree on protocols that minimize the risk of waiver.   Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be

addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

\_\_\_\_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.


IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:


_____     Yes

_____   No             Amended Certificate will be filed by _____

(party) on or before   _____ (date).

**B.    Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows:

**C.     Limits on Discovery  —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.    Depositions

2.      Interrogatories

3.      Document Requests

4.      Requests to Admit

5.      Supplementation of Discovery

**D.      Discovery Deadline   —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

**E.     Disclosure of Expert Testimony  —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.   The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal

requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."   With respect to confidentiality agreements, the parties agree as follows:

**G.     Other Matters Regarding Discovery —**

**V.      Settlement and Alternative Dispute Resolution.**

    **A.      Settlement —**

        The parties agree that settlement is

\_\_\_\_\_   likely _____  unlikely              (check one)


        The parties request a settlement conference before a United States Magistrate Judge.

      yes _____   no_____       likely to request in future _____


    **B.      Arbitration —**

        The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

        yes _____        no _____        likely to agree in future _____

_____ Binding            _____Non-Binding


    **C.      Mediation —**

        Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.      Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN NORTHRUP,

     Plaintiff,

v.                                      Case No: 8:17-cv-1890-T-36JSS

ITG INSURANCE AGENCY LLC,
INDEPENDENT TRUCKERS GROUP and
HALLMARK FINANCIAL SERVICES,
INC.,

     Defendants.

_____

## INTERESTED PERSONS ORDER
## FOR CIVIL CASES

     This Court makes an active effort to screen every case in order to identify parties and interested corporations in which any assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal.

     It is therefore **ORDERED** that, within **fourteen** days from the date of this order (or from the date of subsequent first appearance[1] in this action), each party, *pro se* party, governmental party, intervenor, non-party movant, and Rule 69 garnishee **shall file and serve** a CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT in the following form:

---

[1] Every pleading or paper filed constitutes a general appearance of the party unless otherwise specified. Local Rule 2.03 (a).

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's interested persons order:

1.)     the name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case:

        [insert list]

2.)     the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:


        [insert list]

3.)     the name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

        [insert list]

4.)     the name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:


        [insert list]

        I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.


[Date]

                                        _____
                                        [Counsel of Record or Pro Se Party]
                                        [Address and Telephone]

[Certificate of Service]

It is **FURTHER ORDERED** that no party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — may be denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.

**FURTHER ORDERED** that each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within fourteen days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

**FURTHER ORDERED** that, in order to assist the Court in determining when a conflict of interest may exist, particularly when ruling on matters formally assigned to another judge, each party shall use the full caption of the case — including the names of all parties and intervenors — on all motions, memoranda, papers, and proposed orders submitted to the Clerk. *See* Fed.R.Civ.P. 10(a); Local Rule 1.05(b) ("*et al.*" discouraged).

August 9, 2017

Charlene Edwards Honeywell
United States District Judge

Copies to:     All Counsel of Record
               All *Pro Se* Parties

- 3 -

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Seth Lehrman SBN 132896<br>Farmer Jaffe Weissing Edwards Fistos & Lehrman, P.<br>425 North Andrews Avenue Suite 2<br>Fort Lauderdale FL 33301<br>ATTORNEY FOR   Plaintiff | TELEPHONE NUMBER<br>(954) 524-2820<br><br><br>Ref. No. or File No.<br>17-00964 | FOR COURT USE ONLY |
|---|---|---|
| UNITED STATES DISTRICT COURT - MIDDLE DISTRICT - TAMPA<br>801 No. Florida Avenue<br>Tampa, FL 33602 | | |
| SHORT TITLE OF CASE:<br>Northrup, John v. Independent Truckers Group | | |

| INVOICE NO.<br>1703075 | DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>8:17-cv-01890-CEH-JSS |
|---|---|---|---|---|

United States District Court

Declaration of Service

I certify that I am authorized to serve the Summons and Complaint in the within action pursuant to F.R.Civ.P 4(c) and that I served the:

Summons and Complaint; Related Case Order and Track Two Notice; Interested Persons Order;

On: INDEPENDENT TRUCKERS GROUP

At: 15280 Addison Road, Suite 250
    Addison, TX 75001

In the above mentioned action by personally serving to and leaving with

Jane Doe/Kristin K. "Doe", only provided last initial
Gender: F   AGE: 35   Height: 5'3"   Weight: 120   Race: Caucasian   Hair: Blonde   Other: Has bangs

Whose title is: Vice President

On: 8/17/2017                   At: 09:44 AM

CONTINUED ON NEXT PAGE

**Declaration of Service**

Billing Code: 17-00964

| PLAINTIFF/PETITIONER: | John Northrup | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Independent Truckers Group | 8:17-cv-01890-CEH-JSS |

Person who served papers
  a. Name: Peyton Hutchinson
  b. Address: 15345 Fairfield Ranch Rd Suite 200, Chino Hills, CA 91709
  c. Telephone number: 909-664-9577
  d. The fee for this service was: 170.00
  e. I am:
  (3) [X] a registered TX process server:
      (i) [X] Independent Contractor
      (ii) Registration No.:
      (iii) County: 0

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

8/17/2017

Peyton Hutchinson

**Declaration of Service**

**Billing Code:** 17-00964