UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP, individually and on
behalf of a class of similarly situated
individuals,

    Plaintiff,

v.                                                                 Case No: 8:17-cv-1890-T-36JSS

Innovative Health Insurance Partners, LLC;
CyberX Group, LLC; David E. Lindsey; and
Independent Truckers Group, Inc.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 35), and Plaintiff's response thereto (Doc. 36). Plaintiff filed a two-count Second Amended Complaint (Doc. 38) against Defendants alleging negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I) and intentional violations of the TCPA (Count II). Defendants move to dismiss the Second Amended Complaint, alleging lack of personal jurisdiction and improper venue. Doc. 36. The Court, having considered the motion and being fully advised in the premises, will deny the motion.

**I.    BACKGROUND AND FACTS[1]**

Plaintiff, John Northrup ("Northrup"), on behalf of himself and others similarly situated, filed this action under the TCPA against Defendants, Innovative Health Insurance Partners, LLC ("IHIP"), CyberX Group, LLC ("CyberX"), David E. Lindsey ("Lindsey"), and Independent Truckers Group, Inc. ("ITG") (collectively, "Defendants"). Doc. 38. IHIP, CyberX, and ITG are

---

[1] The facts are derived from Plaintiff's Amended Complaint (Doc. 38).

among several entities owned, controlled, or related to Lindsey. *Id.* ¶¶ 7, 12, 15. ITG sells insurance and other services to trucking companies throughout the country. *Id.* ¶ 13. Northrup alleges that ITG relies on IHIP to manage its healthcare product. *Id.* ¶ 16. IHIP then created an unlawful text messaging campaign to advertise its product and contracted with CyberX to send the text messages. *Id.* ¶ 17. Northrup further alleges that the corporate defendants are alter egos of Lindsey and accordingly, Defendants are all liable for the unlawful messages based on principles of agency, vicarious liability, and fraud. *Id.* ¶¶ 18–25.

Northrup contends that beginning around 2015, Defendants began a bulk marketing campaign by sending Short Message Service ("SMS") text messages advertising their product directly to the cell phones of potential clients. *Id.* ¶¶ 26, 31. On June 30, 2017, Northrup received one such message, which stated: "Hate the high price of Obama Care? Call for a free $250 rewards card and free healthcare quote. TRUCKER plans start less than $59 a month. 214-396-6822." *Id.* ¶ 32. Northrup called the number listed in the message and spoke with a representative, who stated that the message was sent on behalf of ITG. *Id.* ¶ 33. When Northrup asked how they obtained his phone number, the representative ended the call. *Id.* Northrup's cell phone number is part of the 813 area code, which covers Tampa, Florida and the surrounding area. *Id.* ¶ 32. Northrup further alleges that he did not consent to receive this solicitation, sent from an automatic telephone dialing system ("ATDS"). *Id.* ¶ 36–37, 42.

## II. LEGAL STANDARD

Upon a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a prima facie case

2

of jurisdiction over the non-resident defendant. *Id.* at 1214. If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits, *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000), and must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)).

Ultimately, the question whether personal jurisdiction exists over a non-resident defendant is answered through a two-step analysis. *Internet Sol. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute.[2] *See Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* The Due Process Clause is satisfied if the defendant has "minimum contacts with the forum state" and "the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mut. Serv. Ins. Co. v. Frit. Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

---

[2] Florida's long-arm statute authorizes the exercise of personal jurisdiction where a claim arises from a defendant's commission of a tortious act within this state. *See* Fla. Stat. § 48.193 (1)(a)(2). TCPA violations have been found to be tortious acts. *Bagg v. USHealth Grp., Inc.*, 2016 WL 1588666 at *3 (M.D. Fla. Apr. 20, 2016).

Under the TCPA, venue is governed by the general venue statute, 28 U.S.C. § 1391. *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. 368, 381 n.11 (2012). Relevant here, section 1391 provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). For TCPA claims, this means venue will usually be proper in the district where the unlawful communication was received. *Lary v. Doctors Answer, LLC*, No. CV–12–S–3510–NE, 2013 WL 987879, at *3–4 (N.D. Ala. Mar. 8, 2013). If venue is improper, a court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III. DISCUSSION

Defendant argues that personal jurisdiction is lacking and venue is improper because Northrup failed to allege with sufficient specificity that the text message was received in this District. Doc. 35 ¶¶ 5, 13, 15, 19, 22. In response, Northrup submitted a declaration stating that he was in Hillsborough County, "performing maintenance on a tractor-trailer," when he received, opened, and read the text message. Doc. 36-1 ¶¶ 2–3. Based on that unrefuted declaration, Northrup has sufficiently established that personal jurisdiction is proper. Doc. 36 at 2, 6 n.1.

In particular, the case of *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362 (S.D. Fla. 2016), is instructive. There, several Pizza Hut franchises hired two marketing companies to conduct text-message marketing campaigns. 199 F. Supp. 3d at 1365–66. The plaintiff received unwanted text messages as part of the campaign and filed a class-action lawsuit under the TCPA. *Id.* at 1366. The defendants moved to dismiss for lack of personal jurisdiction. *Id.* The United States District Court for the Southern District of Florida held that personal jurisdiction was proper under Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment because the messages were directed to and received in Florida. *Id.* at 1367–71. The court noted

4

that the defendants "should have reasonably anticipated that sending the allegedly TCPA-violating text messages to a Florida resident's Florida cell phone would cause harm in Florida," and that the alleged harm did actually occur in Florida. *Id.* at 1370. Additionally, although the moving defendants did not send the messages themselves, the court found that the defendants did not rebut the plaintiff's allegations that the marketing companies sent the messages on the defendants' behalf. *Id.* at 1368–69 (noting "it is well-established that general agency principles apply when determining personal jurisdiction").

Similarly, Defendants here do not dispute the allegation that the text message was sent to a phone with a Florida area code, and Northrup's uncontroverted declaration establishes that it was received in Florida. Doc. 38 ¶¶ 31–33; Doc. 36-1 ¶¶ 2–3. Florida's long-arm statute is, thus, satisfied as to a TCPA claim that arises from a non-resident defendant making a telephonic communication into Florida. Further, Defendants do nothing to refute Northrup's allegations that each defendant is responsible for the message under well-established principles of agency and that the corporate entities are alter egos of Lindsey. Doc. 38 ¶¶ 12–25.[3]

Moreover, this Court's exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendants had minimum contacts with Florida by sending text messages into the state directly or through their agents or alter egos. Defendants should have reasonably anticipated that sending the allegedly TCPA-violating text messages to a Florida cell phone number would cause harm in Florida. Here, it is undisputed that the Plaintiff was in Florida when he received, opened, and read the text message. Therefore, the

---

[3] Among other things, Northrup has alleged that the corporate defendants were created as instrumentalities of Lindsey to conduct this fraudulent text messaging campaign. Doc. 38 ¶¶ 21, 25. Defendants have not challenged any of the allegations relating to the alter ego theory. *See Bellairs v. Mohrmann*, 716 So. 2d 320, 322–23 (Fla. 2d DCA 1998) (applying the alter ego theory and explaining that "if the defendant wishes to contest [the plaintiff's] allegations, he must file an affidavit specifically addressing the allegations") (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502–03 (Fla. 1989)).

exercise of jurisdiction over the Defendants does not offend traditional notions of fair play and substantial justice. As such, personal jurisdiction is proper over each defendant, venue is proper under 28 U.S.C. § 1391(b)(2), and the Court finds no reason to allow Defendants any additional jurisdictional discovery.

Accordingly, it is hereby **ORDERED**:

(1) Defendants' Motion to Dismiss (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 10, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Any unrepresented persons