JOHN NORTHRUP,

     Plaintiff,

v.                                       Case No: 8:17-cv-1890-T-36JSS

INDEPENDENT TRUCKERS GROUP,
INC., DAVID E LINDSEY, INNOVATIVE
HEALTH INSURANCE PARTNERS, LLC
and CYBERX GROUP, LLC,

     Defendants.

_____/

## <u>ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated March 1, 2018 ("Motion") (Dkt. 50) and Defendant CyberX Group LLC's response opposing the Motion (Dkt. 51). For the reasons that follow, the Motion is denied.

Plaintiff John Northrup, on behalf of himself and all others similarly situated, alleges that Defendants sent him text messages marketing trucking services in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Dkt. 38.) On March 1, 2018, under Federal Rule of Civil Procedure 68, Defendant CyberX Group LLC ("CyberX") offered Plaintiff $4,001 to settle his individual claims ("Offer"). In the Motion, Plaintiff asks the Court to strike the Offer or invalidate the effect of Rule 68(d), which provides that if Plaintiff ultimately obtains a judgment that is not more favorable than the Offer, he must pay the costs incurred after CyberX made the Offer. Fed. R. Civ. P. 68(d). Plaintiff argues the Court should strike the Offer or deem it ineffective as an improper attempt to pressure him to dismiss his class claims. (Dkt. 50.)

While Plaintiff cites non-binding decisions striking or deeming pre-certification offers of judgment invalid (Dkt. 50 at 4–9), there is no binding authority barring offers of judgment in class actions, and courts take several approaches to this issue. *See Gilmore v. USCB Corp.*, 323 F.R.D. 433, 434 (M.D. Ga. 2017) (explaining that "[i]n the absence of circuit authority, district courts have established and followed three main approaches" in addressing "the issue of whether to invalidate a pre-certification offer made to a named plaintiff"); *Turner v. Food Corp.*, No. 08-61042-CIV, 2009 WL 10668616, at *5 (S.D. Fla. Feb. 3, 2009) ("This Court has found no precedential case law disallowing Rule 68 offers simply because they were made in a class action case."). There are three approaches taken by district courts: (1) strike the offer of judgment to prevent an improper conflict of interest between a putative class representative and the putative class;[1] (2) prohibit the application of Rule 68(d) but decline to strike the offer of judgment because there is no procedural mechanism to support striking it;[2] or (3) decline to strike the offer of judgment for lack of a supporting procedural mechanism and decline to declare the offer ineffective because such a determination would be advisory until the defendant moves for relief under Rule 68.[3] *Gilmore*, 323 F.R.D. at 434–36 (summarizing the three approaches and adopting the second approach).

---

[1] *Mar. v. Medicredit, Inc.*, No. 4:13-CV-1210-TIA, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013); *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011); *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330 (D. Minn. 2011).

[2] *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003); *see also Slovin v. Sunrun, Inc.*, No. 15-CV-5340 YGR, 2017 WL 2902902, at *4 (N.D. Cal. July 7, 2017) (declaring an offer of judgment ineffective for purposes of Rule 68(d) cost-shifting but not addressing whether to strike it because the motion did not request this relief); *Mavris v. RSI Enterprises Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014) (same).

[3] *Combe v. Goodman Frost, PLLC*, 217 F. Supp. 3d 986 (E.D. Mich. 2016); *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15-CV-2380-T-33TGW, 2016 WL 1047159 (M.D. Fla. Mar. 16, 2016); *Buechler v. Keyco, Inc.*, No. CIV-WDQ-09-2948, 2010 WL 1664226 (D. Md. Apr. 22, 2010); *Bryant v. Bonded Accounts Servs.*, No. CIV-00-1072-RHK/JMM, 2000 WL 33955881 (D. Minn. Aug. 2, 2000).

Upon review, the Court agrees with the reasoning and analysis in *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15-CV-2380-T-33TGW, 2016 WL 1047159 (M.D. Fla. Mar. 16, 2016), which takes the third approach described above. In *Leahy-Fernandez*, the plaintiff in a class action asked the Court to strike or declare ineffective the defendant's offer of judgment. *Leahy-Fernandez*, 2016 WL 1047159, at *1. To begin with, the Court explained that the Rules of Civil Procedure do not exempt offers of judgment from class actions:

> Rule 1 makes clear that the Federal Rules of Civil Procedure "govern the procedure in <u>all</u> civil actions and proceedings," except as provided for in Rule 81. Fed. R. Civ. P. 1 (emphasis added). Rule 81 does not exempt Rule 23 from Rule 68. Fed. R. Civ. P. 81.
>
> Furthermore, the Advisory Committee was well aware of Rule 23, but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose. To be sure, the Advisory Committee rejected a proposed amendment to Rule 68 that would have exempted Rule 23 from Rule 68. <u>See</u> Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, <u>Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure</u> (Sept. 1984), reprinted in 102 F.R.D. 407, 433 (1985). "There is even some indication that the Supreme Court would disapprove any effort to treat class actions differently for Rule 68 purposes." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3001.1 (2d ed. 1997).

*Id.* Next, the Court denied the plaintiff's request to strike the offer because it was "not a part of the record currently before the Court." *Id.* at *2; *Roundtree v. Bush Ross, P.A.*, No. 814CV00357T27AEP, 2014 WL 12638851, at *2 (M.D. Fla. Apr. 24, 2014) (denying a motion to strike an offer of judgment because "there is no procedural mechanism in the Federal Rules of Civil Procedure for striking an offer of judgment, nor has any appellate court approved such an action," and the Advisory Committee rejected a proposal to preclude offers of judgment in class actions). Finally, the Court denied the plaintiff's request to invalidate the offer, reasoning that determining the offer's effectiveness would be an improper advisory decision because the

defendant had not yet moved for relief under Rule 68. *Leahy-Fernandez*, 2016 WL 1047159, at *2.

Here, the Offer is not included in the record before the Court and, thus, there is nothing to strike. Also, because CyberX has not moved for relief under Rule 68, the Court's determination of the effectiveness of the Offer would constitute an improper advisory decision. Accordingly, because there is no binding precedent supporting Plaintiff's request and being persuaded by the reasoning in *Leahy-Fernandez* and Defendant's Response in Opposition to Plaintiff's Motion (Dkt. 51), it is **ORDERED** that Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated March 1, 2018 (Dkt. 50) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on April 12, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 4 -