IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| John Northrup, Individually and on Behalf of a Class of Similarly Situated Individuals, | § § § § § § § § § § § § § § § | Case No. 8:17-cv-1890-T-36JSS |
| *Plaintiff*, | | |
| vs. | | |
| Independent Truckers Group, Inc., David E. Lindsey, Innovative Health Insurance Partners, LLC, and Cyberx Group, LLC, | | |
| *Defendants*. | | |

## [proposed] CLASS CERTIFICATION ORDER

This cause comes before the Court upon Plaintiff's Motion for Class Certification (Doc. __), and Defendants' response thereto (Doc. __). Plaintiff filed a two-count Second Amended Complaint (Doc. 38) against Defendants alleging negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I) and intentional violations of the TCPA (Count II). Plaintiff moved to certify a class defined as: "all persons within the United States who received a text message from a Defendant, as listed in documents produced in this case, identified as CXG028 – 32." Plaintiff sought to be appointed as class representative, with his counsel designated as class counsel.

The Court, having considered the motion and being fully advised in the premises, will grant the motion.

Plaintiff has demonstrated that there are 2,717 persons in the class and that Plaintiff would pay the cost of notifying the class members, to be recovered as an expense of litigation from Defendants if Plaintiff is successful. Accordingly, the class is ascertainable by reference to

the records of Defendants.

The more than one thousand class members easily satisfies the numerosity requirement of Rule 23(a)(1), which is generally satisfied by classes with more than forty members. *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684 (S.D. Fla. 2013) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

The commonality test of Rule 23(a)(2) is easily met because of the common issues presented, including (a) Whether Defendants or their agents sent text messages which were received by the 2,717 persons listed in Defendants' documents; (b) Whether the texts were sent without the recipients' prior express consent; (c) Whether the systems used to send the text messages constituted automatic telephone dialing systems under the TCPA; (d) Whether the violations of the TCPA were willful or knowing, such that the award should be increased up to three times pursuant to 47 USC §227(b)(3)(c); (e) Which Defendants should be liable for the statutory penalties set forth by the TCPA; (f) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future; and (g) the amount of reasonable attorneys' fees and other litigation costs reasonably incurred.

The Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff's claim is the same legal claim based on the same facts as the rest of the Class members and Plaintiff's cell phone number is included in the documents identifying the class members in the same manner as all other class members.

John Northrup is an adequate class representative under Rule 23(a)(4) because there are no perceptible conflicts of interest between Plaintiff and class members; to the contrary, their economic interests and litigation objectives are fully aligned. Plaintiff is committed to adequately prosecute this action and his claim is not presently or potentially in conflict with any members of

the class. He seeks statutory damages as a result of Defendants' unlawful text message campaign. He is able and willing to participate in this litigation. The same is true for Plaintiff's counsel of record, Cory Fein and Seth Lehrman, who are well-qualified to represent classwide interests here.

The Court certifies the class under Rule Rule 23(b)(3), because Plaintiff and the Class members seek statutory damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendants. Absent a class action, the members of the Class will likely not receive the statutory damages to which they are entitled under the TCPA.

A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of the TCPA are minimal. Management of these claims as a class action is likely to present significantly fewer difficulties than pursuing them as several individual claims.

Accordingly, it is hereby **ORDERED**:

(1)   Plaintiff's Motion for Class Certification (Doc. __) is **GRANTED**.

(2)   The Court certifies a class defined as: "all persons within the United States who received a text message from a Defendant, as listed in documents produced in this case,

identified as CXG028 – 32."

(2)  The class claims are claims that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited text messages to Plaintiff and the Class members, subjecting Defendants to statutory penalties set forth by the TCPA.

(3)  The Court appoints John Northrup as class representative, and appoints Cory Fein and Seth Lehrman as Class Counsel.

(4)  Pursuant to Rule 23(c)(2)(B), the parties are ordered to confer on a class notice plan that provides the best notice practicable under the circumstances, which clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The parties are directed to jointly submit an agreed proposed notice and notice plan, or a joint submission explaining their areas of disagreement regarding same.

**DONE AND ORDERED** in Tampa, Florida, this ____ day of _____, 2018.

_____
Charlene Edwards Honeywell
United States District Judge