IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| John Northrup, Individually and on Behalf of a Class of Similarly Situated Individuals, § § § *Plaintiff*, § § vs. § § Independent Truckers Group, Inc., David E. Lindsey, Innovative Health Insurance Partners, LLC, and Cyberx Group, LLC, § § § § § *Defendants*. § § | Case No. 8:17-cv-1890-T-36JSS |

**PLAINTIFF JOHN NORTHRUP'S MOTION FOR LEAVE TO FILE
REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENT TO
MOTION FOR CLASS CERTIFICATION**

Plaintiff requests leave of this Court to file a 7-page reply to Defendants' Response to Plaintiff's Supplement to Motion for Class Certification, pursuant to Local Rule 3.01(c and d), and the Court's instructions, as follows:

During the September 5, 2018 hearing in this case, the Court permitted Plaintiff the opportunity to file a supplement to his motion for class certification, and set a deadline for Defendant's response to that supplement. The Court stated that Plaintiff may seek leave of Court to file a reply brief if he believed additional briefing was needed. (9/5/18 Hearing Transcript at 36.) Plaintiff believes additional briefing is needed to respond to Defendants' new arguments, including their new argument regarding the Eleventh Circuit's 2015 *Karhu* opinion, expanded argument regarding the *Haight v. Bluestem Brands* opinion, and new arguments regarding standing.

Plaintiff seeks leave to file a short brief in reply to Defendant's response, as the Court

anticipated may be appropriate during the September 5 hearing. Pursuant to Local Rule 3.01(d), this motion will not exceed 3 pages or attach the proposed reply. Plaintiff seeks to file a brief that will be 7 pages or less. The reply brief will not be repetitive of the arguments made in Plaintiff's prior briefs.

Defendants' response to plaintiff's supplement, argues that a class should not be certified because: (1) there is no method to distinguish cell phone lines from non-cell phone lines, (2) there is no method to ascertain subscribers, (3) class members lack standing, and (4) the class fails the numerosity and commonality requirements. Plaintiff seeks to rebut and address these positions and Defendants' new arguments in a brief reply.

The Reply will refute Defendants' arguments and explain how the receipt of the text message on a cell phone, and the identity of the subscriber, can be ascertained through objective criteria (without relying on mini-trials or class member affidavits); why cell phone subscribers have standing even if they did not incur additional fees as a result of receiving the unlawful text message; and why the class meets the numerosity and commonality requirements. The Reply will also bring to the Court's attention some misleading information in Defendants' analysis of the Call Logs.

WHEREFORE, Plaintiff seeks leave to file a 7-page reply brief within 14 days of the Court's Order granting leave.

Dated:  October 1, 2018				Respectfully submitted,

/s/ Cory S. Fein
Cory S. Fein (*Pro Hac Vice)*
CORY FEIN LAW FIRM
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601
E-mail: cory@coryfeinlaw.com

Seth M. Lehrman (Fla. Bar No. 132896)
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822
E-mail: seth@epllc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

I hereby certify that I sent Defendants' counsel a draft of a motion for leave to file reply and conferred with him on October 1, 2018. Defendants' counsel stated that he was opposed.

/s/ Cory S. Fein
Cory S. Fein

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, this motion was served via this Court's ECF system and thereby served on all counsel of record.

/s/ Cory S. Fein
Cory S. Fein