IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP, Individually and on behalf
of a Class of Similarly Situated Individuals

Plaintiff,

v.

Innovative Health Insurance Partners, LLC,
CyberX Group, LLC, David E. Lindsey; and
Independent Truckers Group, Inc.;

Defendants.
_____/

Civil Action No. 8:17-cv-01890-CEH-JSS

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY TO MOTION FOR CLASS CERTIFICATION**

Defendants respond in opposition to Plaintiff John Northrup's Motion For Leave To File Reply To Defendants' Response To Plaintiff's Supplement to Motion For Class Certification [D.E. 76]. Put simply, enough is enough. Plaintiff has not met his burden of establishing a workable class under Rule 23 even with three briefs and the opportunity for oral argument. At every turn, Plaintiff attempts to revise and reshape the class to no avail. For these reasons, and as explained in more detail below, Plaintiff's request for additional briefing should be denied so that a ruling can be entered concerning class certification.

1.   Plaintiff initially moved for class certification on April 13, 2018 [D.E. 54].

2.   Defendants timely opposed, pointing to the inadequacy of the class for a variety of reasons, not the least of which was the inability to systematically identify potential class members as defined. *See* Response in opposition to Plaintiff's Motion To Certify Class [D.E. 59].

3.   After Defendants pointed out that the class definition proposed by Plaintiff was inadequate, Plaintiff sought leave to file a Reply. Defendants did not oppose. *See* Unopposed

Motion For Leave to File Reply [D.E. 60]. In his Reply, Plaintiff tried (unsuccessfully) to modify the class to address the undisputed inadequacies raised by Defendants in their opposition. *Id*.

4. Recognizing that those efforts were to no avail, Plaintiff again changed his class definition (unprompted) at the September 5, 2018 hearing on Class Certification.

5. Although the Court noted that Plaintiff had yet to present and stick with any class definition, let alone one that could be certified, it allowed Plaintiff one more opportunity to attempt to present an adequate class. *See* Docket Entry 73 (providing notice to counsel that each party would be allowed one additional seven page brief to address class certification issues).

6. Plaintiff filed his supplemental brief on September 12, 2018 [D.E. 74]. In that Supplement, Plaintiff could have—and should have—addressed the various issues raised during oral argument at the hearing, including the strong opinion against Plaintiff's position in the *Haight v. Bluestem* case, which was discussed at length at the hearing, as well as the substantive standing issues.

7. But Plaintiff's Supplement failed to address those issues.

8. Epitomizing Plaintiff's lack of genuine need for additional briefing to establish its proposed class (which, as pointed out in the Response, suffers from more defects than it did at the hearing) is the fact that, despite being given seven pages for its Supplement, Plaintiff *only utilized six pages*. Yet now Plaintiff seeks an *additional* seven pages for a Reply.

9. All told, Plaintiff has already had four opportunities to meet his burden: initial class certification motion, unopposed reply, hearing, and a supplemental brief. Plaintiff's claim to now need a fifth brief is unjustified, especially on the specious grounds of needing another opportunity to address *Haight*, standing, and a three-year-old Eleventh Circuit case that merely sets out the strict standard for ascertainability (*Karhu*). The arguments were all raised in

substance in the original pleadings or at the hearing, and Plaintiff has already had three opportunities to amend his original brief in an attempt to satisfy his burden to propose a clearly-defined, ascertainable class supported by evidence. The failure to make the most of his four opportunities belies a fifth.

WHEREFORE, Defendants respectfully request entry of an Order denying Plaintiff's motion for leave to file an additional Reply in support of class certification and awarding Defendants any other relief deemed appropriate.

Date: October 15, 2018

          Respectfully Submitted,

*s/ Bill S. Richmond*
WILLIAM S. RICHMOND, ESQ. (Trial Counsel)
Texas Bar No. 24066800 (Admitted *Pro Hac Vice*)
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
Telephone: 214.559.2700
Facsimile: 214.559.4390
brichmond@pcrfirm.com

    -and-

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.
Florida Bar No. 0055699
**SHAPIRO BLASI WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: 561.477.7800
Facsimile: 561.477.7722
ddepiano@sbwh.law

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      The undersigned counsel for Defendants hereby certifies that on October 15, 2018, that the foregoing document is being sent via FedEx Mail and Electronic Mail to Plaintiff's counsel as listed on the attached Service List (via CM/ECF).

      *s/ David J. DePiano*
DAVID J. DePIANO, ESQ.
Florida Bar No. 0055699
**SHAPIRO BLASI WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: 561.477.7800
Facsimile: 561.477.7722
ddepiano@sbwh.law

**COUNSEL FOR DEFENDANTS
INNOVATIVE HEALTH INSURANCE PARTNERS, LLC; CYBERX GROUP, LLC; DAVID E. LINDSEY; AND INDEPENDENT TRUCKERS GROUP, INC.**

## SERVICE LIST

Cory S. Fein
712 Main St., Suite 800
Houston, TX, 77002
Telephone: (281) 254-7717
Facsimile: (530) 748-0601
E-mail: cory@coryfeinlaw.com

Seth M. Lehrman
425 North Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822
E-mail: seth@epllc.com