IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP, Individually and on behalf
of a Class of Similarly Situated Individuals,

    CASE NO. 8:17-cv-01890-CEH-JSS

  Plaintiff,

vs.

INNOVATIVE HEALTH INSURANCE
PARTNERS, LLC, CYBERX GROUP, LLC,
DAVID E. LINDSEY; and INDEPENDENT
TRUCKERS GROUP, INC.,

  Defendants.
_____/

## PLAINTIFF'S UNOPPOSED MOTION TO ORDER SPRINT TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA FOR PURPOSES OF CLASS NOTICE

Plaintiff John Northrup, on behalf of himself and the certified class, with the consent of Sprint and Defendants, hereby moves the Court to order Sprint[1] to produce data related to its subscribers who reside in all states, including California, Delaware and Pennsylvania, as set forth in Plaintiff's subpoena. Sprint maintains that pursuant to state law, this data can only be produced subject to court order. While Plaintiff believes compliance with the subpoena is permissible absent a court order, he brings this motion in an effort to resolve this matter quickly so the notice program can begin without further delay.[2]

---

[1] For purposes of this motion, all Sprint-owned and affiliated companies are referred to collectively as "Sprint."

[2] Plaintiff contends that the state statutes permit disclosure without a court order. Additionally, the statutes are preempted by federal law governing class notice (Fed. R. Civ. P. 23(c)) and by federal law requiring compliance with federal subpoenas (Fed. R. Civ. P. 45). Finally, Federal Rule of Evidence 501 requires this court to apply federal law, not state law, to any

**I.     FACTUAL BACKGROUND**

On January 2, 2019, the Court granted class certification and ordered the parties to confer on a class notice plan and other issues regarding administration of the class. (Dkt. 79.) On March 13, 2019, the Court entered an order approving Plaintiff's Class Notice Plan (Dkt. 90.) The Class Notice Plan includes sending subpoenas to the four major cell phone carriers, to identify the subscriber and user of each phone number listed in the Call Logs. On May 10, 2019, Plaintiff issued a subpoena to Sprint Corporate Security ("Sprint").

On June 12, 2019, Sprint served its response and objections. Among these objections were citations to California, Delaware and Pennsylvania statutes that limited Sprint's ability to produce the requested information. Sprint has informed Plaintiff that it would not oppose an order permitting the release of contact information for the affected subscribers in California, Delaware and Pennsylvania, provided that the order met the requirements set forth in the applicable statute of each of these states.

**II.    ARGUMENT**

Plaintiff, with Sprint's consent, asks the Court to enter an order compelling Sprint to

---

claim of privilege, and there is no federally recognized privilege applicable to the requested information. In fact, the Stored Communications Act (SCA) permits disclosure of telephone subscriber contact information to non-governmental entities. *See* 18 U.S.C. § 2702(c)(6)). Thus, federal law, which must be applied pursuant to Rule 501, authorizes disclosure. In *Kaur v. City of Lodi*, 2016 U.S. Dist. LEXIS 10348 (E.D. Cal. 2016), the court considered the California statute at issue in this case and, applying Fed. R. Evid. 501, rejected the notion that it relieved a subpoena respondent of its obligation to produce subpoenaed telephone records. *Id.* at *3 ("The two state statutes cited to withhold this information do not apply in this federal court litigation."); *Corser v. County of Merced*, 2006 U.S. Dist. LEXIS 65821, *5-8 (E.D. Cal. 2006)(Denied motion to quash a subpoena for failure to provide comply with notice requirements under California law because the "California-law privilege . . . does not apply to this litigation" under Rule 501 of the Federal Rules of Evidence.)

produce the subpoenaed information regarding its customers in California, Pennsylvania and Delaware, as it will for its customers in other states.

A.  **California Law**

California law permits such production pursuant to a court order. Specifically, Cal. Pub. Util. Code § 2894 provides:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service, as defined in Section 216.8, in good faith compliance with the terms of a state or ***federal court*** warrant or ***order*** or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, is a complete defense against any civil action brought under this chapter or any other law, including, but not limited to, Chapter 1.5 (commencing with Section 630) of Part 1 of Title 15 of the Penal Code, for the wrongful disclosure of that information.

Cal. Pub. Util. Code § 2894(a) (emphasis added). Indeed, federal courts within the Ninth Circuit have repeatedly held that these provisions expressly allow for the production of subscriber information upon entry of a court order. *See Kaur v. City of Lodi*, 2016 U.S. Dist. LEXIS 10348, *4 (E.D. Cal. 2016) ("it does not authorize AT&T Mobility to withhold documents in the face of a federal court order compelling their production"); *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 47099, *15-16 (N.D. Cal. 2010) ("section 2894 of the utilities code provides an exception to this rule for court orders.")

B.  **Delaware Law**

Delaware law, similar to the California law, allows for disclosure pursuant to a court order.

> Except as provided in this subdivision, a provider of electronic communications service or remote computing service may not disclose a record or other information pertaining to a subscriber or customer of the service to any person other than an investigative or law-enforcement officer.

11 Del. C. § 2423(c)(2).

> Nothing in this chapter may be construed as creating a cause of action against any provider of electronic communication service or remote computing service, such service's officers, employees, or agents or other specified persons for providing information, facilities or assistance in accordance with the terms of a court order, warrant, subpoena or certification under this chapter.

11 Del. C. § 2423(e). Thus, Delaware law does not preclude production upon entry of a Court order.

### C. Pennsylvania Law

Pennsylvania allows production "as authorized by federal law." The Pennsylvania Wiretapping and Electronic Surveillance Control Act provides in relevant part:

> A person or entity may divulge a record or other information pertaining to a subscriber to, or customer of, the service if any of the following paragraphs apply:
>
> (2) A record or other information may be divulged to any of the following:
>     (i) An investigative or law enforcement official as authorized in section 5743.
>     (ii) The subscriber or customer upon request.
>     (iii) A third party, upon receipt from the requester of adequate proof of lawful consent from the subscriber to, or customer of, the service to release the information to the third party.
>     (iv) A party to a legal proceeding, upon receipt from the party of a court order entered under subsection (c.1). This subparagraph does not apply to an investigative or law enforcement official authorized under section 5743.
>
> (4) Subject to paragraph (2), a record or other information ***may be divulged as authorized by Federal law*** or as authorized by a Federal regulatory agency having oversight over the person or entity.

18 Pa. C.S.A. §5742(c) (emphasis added). Paragraph (4) thus permits disclosure in federal court "as authorized by federal law."

## III. CONCLUSION

For these reasons, the state laws at issue expressly authorize disclosure in compliance with the federal subpoena issued in this case or further order of the court.

**WHEREFORE**, Plaintiff moves the Court to grant his unopposed motion and to order Sprint to produce the following information for each applicable person in California, Delaware and Pennsylvania:

1. For each of the telephone numbers listed in the spreadsheet attached to Plaintiff's Subpoena, identify the (1) name, (2) mailing address, and (3) email address of the account-holding subscriber to that telephone number on June 30, 2017, by appending additional columns to the spreadsheet.

2. If a telephone number does not belong to a subscriber or user on June 30, 2017, please append an additional column to the spreadsheet stating the date range the telephone number did belong to a subscriber or user.

Dated:  September 23, 2019

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Cory S. Fein (*Pro Hac Vice)*
E-mail: cory@coryfeinlaw.com
CORY FEIN LAW FIRM
712 Main St., #800
Houston, TX  77002
Telephone: (281) 254-7717
Facsimile: (530) 748-0601

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE IN COMPLIANCE WITH L.R. 7.1(a)(3)

Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion.

Sprint and Defendants consent to the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019 the foregoing document was served via this Court's ECF system and thereby served on all counsel of record.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

## SERVICE LIST

William S. Richmond (*Pro Hac Vice*)
E-mail: brichmond@pcrfirm.com
PLATT CHEEMA RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Telephone: 214-559-2700
Facsimile: 214-559-4390

David J. DePiano (Fla. Bar No. 0055699)
E-mail: ddepiano@sbwh.law
SHAPIRO BLASI WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: 561-477-7800
Facsimile: 561-477-7722

*Counsel for Defendants Innovative Health Insurance Partners, LLC;*
*Cyberx Group, LLC; David E. Lindsey; and Independent Truckers Group, Inc.*