IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOHN NORTHRUP, Individually and on behalf of a Class of Similarly Situated Individuals,<br><br>    Plaintiff,<br>v.<br><br>Innovative Health Insurance Partners, LLC, CyberX Group, LLC, David E. Lindsey, and Independent Truckers Group, Inc.,<br><br>    Defendants.<br>_____/ | Civil Action No. 8:17-cv-01890-CEH-JSS |

**DEFENDANTS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S UNTIMELY MOTION TO COMPEL**

Contrary to Plaintiff's designation of his Motion to Compel to Sprint [Dkt. 100] (the "Motion") as "unopposed," Defendants oppose the Motion as untimely pursuant to Local Rule 3.01(b).

The parties conferred on this Motion (as well as the other three pending motions to compel) in late July, and Defendants advised that they did not oppose *at that time*. But key deadlines have elapsed since then, *i.e.*, Defendants' expert reports (August 5) and the close of discovery (September 6). Plaintiff never conferred with Defendants again before filing this untimely Motion, and Plaintiff's assumption that Defendants still do not oppose this Motion after these deadlines elapsed defies logic—those very deadlines now

preclude Defendants from challenging the discovery sought in this Motion, such as by hiring an expert or conducting their own discovery.[1]

In light of the change in circumstances, Defendants oppose any additional discovery, including the present Motion, as untimely. In further support of denying Plaintiff's Motion, Defendants state as follows:

The current Scheduling Order establishes the Discovery Deadline passed on September 6, 2019. [Dkt. 99 at 1.] In the original Scheduling Order, this Court instructed that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline." [Dkt. 48 at 4.]

This Court routinely denies motions to compel filed after the discovery deadline. *See, e.g.*, *Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) ("Plaintiffs moved to compel the unredacted customer lists three days after the discovery cutoff … It is irrelevant whether the motion is filed three days or three weeks after the deadline. The motion is untimely."); *Inman v. Richman Prop. Servs.*, No. 3:13–cv–941, 2014 WL 4639131, at *4 (M.D. Fla. Sept. 16, 2014) (denying motion to compel, explaining that "because the Motion to Compel was filed after the discovery deadline, Plaintiff must also demonstrate excusable neglect under Rule 6(b)(1)"). The "relevant factors in evaluating excusable neglect include the length of the delay and whether the delay was within control of the movant." *Sosa v. Airprint Sys.,*

---

1. If the Court allows Plaintiff to obtain discovery after the cutoff pursuant to these untimely motions to compel, Defendants will need to seek leave to reopen discovery to be able to conduct an appropriate investigation into this new information.

*Inc.*, 133 F.3d 1417, 1418 n.2 (11th. Cir. 1998) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiff cannot demonstrate excusable neglect here. Plaintiff has known since June 12, 2019 that Sprint objected to producing the documents sought in Plaintiff's Motion. [Dkt. 100 at 2.] The length of this delay—over 3 months—was entirely within Plaintiff's control. A lengthy delay that Plaintiff is solely responsible for is antithetical to excusable neglect.

**WHEREFORE,** Defendants respectfully request entry of an Order denying Plaintiff's Motion to Compel to Sprint [Dkt. 100] and awarding Defendants any other relief deemed appropriate.

Date: September 26, 2019

Respectfully Submitted,

*s/ Bill S. Richmond*
WILLIAM S. RICHMOND, ESQ.
(Trial Counsel)
Texas Bar No. 24066800
(Admitted *Pro Hac Vice*)
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Telephone: 214.559.2700
Facsimile:  214.559.4390
brichmond@pcrfirm.com

-and-

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.
Florida Bar No. 0055699
**SHAPIRO BLASI WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: 561.477.7800
Facsimile: 561.477.7722
ddepiano@sbwh.law

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants hereby certifies that on September 26, 2019, that the foregoing document is being sent via Electronic Mail to Plaintiff's counsel as listed on the attached Service List (via CM/ECF).

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.
Florida Bar No. 0055699
**SHAPIRO BLASI WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: 561.477.7800
Facsimile: 561.477.7722
ddepiano@sbwh.law

**COUNSEL FOR DEFENDANTS INNOVATIVE HEALTH INSURANCE PARTNERS, LLC; CYBERX GROUP, LLC; DAVID E. LINDSEY; AND INDEPENDENT TRUCKERS GROUP, INC.**

## SERVICE LIST

Cory S. Fein
712 Main St., Suite 800
Houston, TX, 77002
Telephone: (281) 254-7717
Facsimile: (530) 748-0601
E-mail: cory@coryfeinlaw.com

Seth M. Lehrman
425 North Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822
E-mail: seth@epllc.com