# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| John Northrup, Individually and on Behalf of a Class of Similarly Situated Individuals,<br><br>　*Plaintiff*,<br><br>vs.<br><br>Independent Truckers Group, Inc., David E. Lindsey, Innovative Health Insurance Partners, LLC, and Cyberx Group, LLC,<br><br>　*Defendants*. | Case No. 8:17-cv-1890-T-36JSS |

**DECLARATION OF CORY S. FEIN
IN OPPOSITION TO SUMMARY JUDGMENT**

I, Cory S. Fein, declare as follows:

1. My name is Cory S. Fein. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I submit this declaration in opposition to Defendant's Motion for Summary Judgment.

3. I am the founder and owner of the Cory Fein Law Firm, and lead counsel for Plaintiff and the putative class in the above-styled litigation.

4. Defendants' counsel submitted as Exhibit A-2 a copy of Plaintiff's AT&T 4-page cellular telephone bill as produced in discovery. However, in addition to that 4-page Wireless

Statement, on April 20, 2018 Plaintiff also disclosed to Defendants that Plaintiff's detailed cell phone statement reflected that Plaintiff received two text messages from Defendants on June 30, 2017, one on 2:40 pm and a second one on 2:54 pm. Both of these text messages are reflected on page A-49 of 62 of Plaintiff's detailed wireless phone statement.

5. Plaintiff and I have investigated the industry-wide problem of unscrupulous marketers, like Defendants, peppering truck drivers with bothersome unwanted marketing via text messages. We have learned that marketing companies obtain cell phone numbers of Plaintiff and other truck drivers through a service that harvests phone numbers from the website of the U.S. Department of Transportation's Federal Motor Carrier Safety Administration (FMCSA). FMCSA maintains information regarding truck drivers (often including their cell phone numbers) and makes it available to the public for purposes of public safety via its website, https://safer.fmcsa.dot.gov, and not for purposes of allowing marketers to send unsolicited text messages to truck drivers. Truck drivers are required to list their phone numbers in this database and cannot stop the Government from making their phone numbers public.

6. In fact, the same website where these companies obtain the cell phone numbers of Plaintiff and other truck drivers contains FMCSA's rules that restrict texting and the use of hand-held mobile phones by truck and bus drivers while operating a CMV (i.e., a commercial motor vehicle). FMCSA's website notes that its research "shows the odds of being involved in a safety-critical event (e.g., crash, near-crash, unintentional lane deviation) are 23.2 times greater for CMV drivers who text while driving than for those who do not." It states: "Texting drivers took their eyes off the forward roadway for an average of 4.6 seconds. At 55 mph, this equates to a driver traveling 371 feet, or the approximate length of a football field (including the end zones)—without looking at the roadway!" It states: "Texting while driving can result in driver

disqualification. Penalties can be up to $2,750 for drivers and up to $11,000 for employers who allow or require drivers to use a hand-held communications device for texting while driving." It warns: "Simply do not type or read a text message while driving a CMV!"

7. At the time Plaintiff John Northrup received the text messages as issue in this case, he made a living driving a truck and he did not give out his cell phone number freely, relying on it for important work calls.

Executed on: October 18, 2019, at Houston, Texas.

/s/ Cory S. Fein
Cory S. Fein