UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP,

    Plaintiff,

v.   Case No: 8:17-cv-1890-T-36JSS

INDEPENDENT TRUCKERS GROUP,
INC., DAVID E LINDSEY, INNOVATIVE
HEALTH INSURANCE PARTNERS, LLC
and CYBERX GROUP, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants Innovative Health Insurance Partners, LLC, CyberX Group, LLC, David E. Lindsey and Independent Truckers Group, Inc.'s Motion for Costs ("Motion"). (Dkt. 128.) For the reasons that follow, the Court recommends that the Motion be granted in part and denied in part.

### BACKGROUND

On August 9, 2017, Plaintiff filed this class action suit alleging violation of the Telephone Consumer Protection Act ("TCPA"). (Dkt. 1.) On January 2, 2019, the Court certified a class of plaintiffs that allegedly received a text message in violation of the TCPA. (Dkt. 79.) On February 25, 2020, the Court found that the "text messages at issue were not sent with an automatic telephone dialing system as defined by the statute," and therefore granted Defendants' motion for summary judgment. (Dkt. 12 at 1.) Judgment in favor of Defendants was entered the same day. (Dkt. 127.) In the Motion, Defendants move for an award of costs as the prevailing parties. (Dkt. 128.)

**APPLICABLE STANDARDS**

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to receive costs, other than attorneys' fees, as limited by 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). There is a strong presumption in favor of awarding costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Taxable costs are limited to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920. The Court may not award costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

**ANALYSIS**

Having prevailed on their motion for summary judgment, Defendants are the prevailing parties for purposes of awarding costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("'Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d).'" (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978))). Defendants seek costs totaling $5,341.58, which is comprised of "$169.82 for court filing fees, $3,937.50 for mediation costs, $1,156.00 for court reporter fees, and $78.26 for print and copy fees." (Dkt. 128 at 2.)

First, court filing fees are generally taxable as costs. *See* 28 U.S.C. § 1920(1) (allowing a court to tax "[f]ees of the clerk"). However, because the filing fee was paid by Plaintiff, it is

unclear what fee of the clerk Defendants are attempting to tax. The only fee paid by a defendant reflected on the docket is a pro hac vice fee, which is not taxable. *Covington v. Ariz. Beverage Co.*, No. 08–21894–CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011) (finding that pro hac vice fees "are not recoverable under Section 1920"). Additionally, there do not appear to be any fees of the Clerk of Court that cost $169.82. *See* Fees, M.D. Fla., https://www.flmd.uscourts.gov/fees-table (last visited March 23, 2020). As such, the undersigned recommends that the Motion be denied as to the unexplained "court filing fees."

Second, Defendants move to tax mediation costs. But mediation costs are not taxable under Section 1920. *Williams v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, No. 8:09–cv–784–T–33TGW, 2011 WL 2160550, at *1 (M.D. Fla. June 1, 2011) (stating that mediation fees are not taxable). As such, the undersigned recommends that the Motion be denied as to the mediation costs.

Third, Defendants move to tax court reporter fees. Plaintiff objects, arguing that the Motion "fails to describe why the court reporter fees were incurred" and "whose deposition was taken and for what purpose." (Dkt. 129 at 2.) However, "[w]hen challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 709 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Additionally, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 994 (N.D. Ga. 1982) (internal quotations omitted). Further, the Court "may tax costs associated with the depositions submitted

by the parties in support of their summary judgment motions." *Monelus*, 609 F. Supp. 2d at 1337. Despite knowledge of all depositions taken in the case, Plaintiff does not point to any depositions that were inappropriately taken or otherwise unnecessary.  As such, the undersigned recommends that the Motion be granted as to the court reporter fees.

Finally, Defendants move to tax "print and copy fees."  Printing costs are taxable when the printing is "necessarily obtained for use in the case." *Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Center, Inc.*, No. 8:09–CV–02301–T–30, 2014 WL 3396503, at *2 (M.D. Fla. July 11, 2014).[1]  But because the knowledge of the necessity of the costs lies with the prevailing party, the prevailing party bears the burden of showing that costs were necessarily incurred.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340–41 (M.D. Fla. 2002).  Here, Defendants claim $78.26 in "print and copy fees" without any explanation concerning the costs.  (Dkt. 128 at 6.)  Without any further description, the Court is unable to determine whether the printing and copying was necessary.  *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (explaining that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue"); *see also Watson v. Lake Cty.*, 492 F. App'x 991, 997–98 (11th Cir. 2012) (remanding for the district court to determine whether costs for "B & W printing" and "color copies" were necessary).  As such, the undersigned recommends that the Motion be denied as to the printing and copying costs.

---

[1] Although 28 U.S.C. § 1920(3) "contains no requirement that printing be necessarily obtained for use in the case . . . courts often consider printing costs with copying costs." *Geisler v. FedEx Ground Package Sys., Inc.*, NO. 3:12-CV-1189-J-34PDB, 2017 WL 4404442, at *3 n.1 (M.D. Fla. Aug. 28, 2017).

Therefore, it is recommended that the Court tax $1,156 in costs for court reporter fees and that the Motion be otherwise denied.

Accordingly, it is **RECOMMENDED** that:

1. Defendants Innovative Health Insurance Partners, LLC, CyberX Group, LLC, David E. Lindsey and Independent Truckers Group, Inc.'s Motion for Costs (Dkt. 128) be **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein; and

2. Defendants be awarded reasonable costs in the amount of $1,156.

**IT IS SO REPORTED** in Tampa, Florida, on March 26, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record