UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NORTHRUP,

    Plaintiff,

v.                                             Case No: 8:17-cv-1890-T-36JSS

INDEPENDENT TRUCKERS GROUP,
INC., DAVID E LINDSEY, INNOVATIVE
HEALTH INSURANCE PARTNERS, LLC
and CYBERX GROUP, LLC,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon Defendants' Motion for Costs (Doc. 128), and Plaintiff's Response (Doc. 129). On March 26, 2020, Magistrate Judge Julie S. Sneed issued a Report and Recommendation, recommending that (1) Defendants' Motion for Costs be denied as to court filing fees, mediation costs, and print and copy fees and (2) Defendants be awarded reasonable costs in the amount of $1,156.00, for court reporter fees. (Doc. 130). Plaintiff filed an Objection on April 8, 2020, arguing that the Court should overrule the portion of the Report and Recommendation awarding costs of $1,156 to the Defendants. (Doc. 131). Upon consideration of the Report and Recommendation and Objection, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be **ADOPTED** as to the request for court filing fees, mediation costs, and print and copy fees and Defendants' Motion will be **DENIED to that extent**. The Court **RESERVES** ruling on the portion of the recommendation that Defendants be awarded reasonable costs in the amount of $1,156.00, for court reporter fees.

## I. LEGAL STANDARD

"When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.' " *Fuccillo v. Silver*, No. 8:18-CV-1236-T-36AEP, 2020 WL 897989, at *2 (M.D. Fla. Feb. 25, 2020) (*citing* 28 U.S.C. § 636(b)(1)(C)). "This requires that the district judge 'give fresh consideration to those issues to which specific objection has been made by a party.' " *Davis on behalf of J.D.D. v. Carroll*, No. 8:16-CV-998-T-35SPF, 2019 WL 3306745, at *1 (M.D. Fla. June 13, 2019) (*Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990)). A clearly erroneous standard of review applies to the portions of the report and recommendation to which objections have not been raised. *Fuccillo*, 2020 WL 897989, at *2. However, legal conclusions are reviewed *de novo,* even in the absence of an objection. *Davis*, 2019 WL 3306745, at *1. After careful examination, the district judge may either accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge; receive further evidence; or recommit the matter to the magistrate judge with further instructions. *Fuccillo*, 2020 WL 897989, at *2 (*citing* Fed. R. Civ. P. 72).

## II. DISCUSSION

The only objection raised relates to the recommendation that Defendants be awarded court reporter fees. (Doc. 131). Plaintiff contends that Defendants have exclusive knowledge regarding this proposed cost, have failed to attach receipts or invoices explaining the amounts and purposes for the various court reporter charges and fees, and that some of these costs may be for convenience, and thus not recoverable. *See id.* In support of this argument, Plaintiff cites *Henderson v. Home Depot U.S.A., Inc.*, No. 8:04-CV-2382-T-24TGW, 2006 WL 4978430, at *4 (M.D. Fla. July 6, 2006), where this court declined to award certain portions of court reporter costs

including "the cost of deposition exhibits, delivery charges, postage costs, condensed transcripts or ASCII disks." *Id.* The court reasoned Defendant had failed to justify that these costs were reasonable and necessary, rather than merely convenient, and that the movant had provided nothing to indicate an essential need. *Id.* In fact, this court has recognized—as Plaintiff points out—that "[i]t is typical for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, and shipping and exhibits." *Bradfield v. Mid-Continent Cas. Co.*, No. 5:13-CV-222-OC-10PRL, 2016 WL 9444139, at *8 (M.D. Fla. Oct. 12, 2016), *report and recommendation adopted*, No. 5:13-CV-222-OC-10PRL, 2016 WL 9444158 (M.D. Fla. Nov. 3, 2016), *aff'd in part*, 692 F. App'x 978 (11th Cir. 2017). Such extra services are not reimbursable if they are incurred only for the convenience of counsel. *Id.*

The court has consistently taken the position stated in *Henderson* and *Bradfield*. In *Smith v. CA, Inc.*, No. 8:07-CV-78-T-30TBM, 2009 WL 536552, at *1 (M.D. Fla. Mar. 3, 2009), the court declined to award "incidental charges of the court reporter, such as mini-transcripts, postage, and delivery charges" on the ground that the movant was not necessarily entitled to these costs. Likewise, costs for additional copies or alternate versions of transcripts was not allowed in *Niesen v. Egger*, No. 8:08-CV-1599-T-30EAJ, 2010 WL 2366545, at *1 (M.D. Fla. June 11, 2010). *See also Daker v. Steube,* No. 8:10-CV-1784-T-27TBM, 2012 WL 2384050, at *2 (M.D. Fla. June 25, 2012) ("While a court may tax fees of the court reporter as costs pursuant to 28 U.S.C. § 1920(2), the court finds that Defendants have included incidental charges of the court reporter, such as postage/delivery/handling charges, which I have previously held are unrecoverable."); *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018), *report and recommendation adopted in part*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018) ("[C]ourt reporter fees, shipment of depositions, costs for

binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable."). *But see Blickley v. Ford*, No. 6:08-CV-1866-Orl-31GJK, 2011 WL 1376102, at *6 (M.D. Fla. Mar. 22, 2011), *report and recommendation adopted,* No. 6:08-CV-1866 Orl-31GJK, 2011 WL 1376972 (M.D. Fla. Apr. 12, 2011) (declining to reduce award for expedited transcription based on its finding that the expedited nature of the transcripts was reasonable).

Here, the Motion for Costs was supported by a declaration from Defendants' lead counsel, William S. Richmond. Mr. Richmond stated that $1,156.00, was incurred for court reporter fees. There was no breakdown of this cost in the declaration and the court reporter's invoice was not provided. As such, this Court cannot determine what expenses are included in the invoice and whether there are charges for extra services that are usually not reimbursable, and which should be deducted. In light of this, the Court cannot find that the entirety of the court reporter fees was for transcripts necessarily obtained for use in the case. Additionally, because Defendant has exclusive knowledge regarding this proposed cost, the Court will take further evidence from Defendant regarding the expenses included within the court reporter fees so it can determine whether there are convenience related expenses which should be deducted.

Having considered the Report and Recommendation and Objection, and conducted its own independent review of the matter, the Court will **ADOPT** the Report and Recommendation of the magistrate judge and deny Defendants' request for court filing fees, mediation costs, and print and copy fees. The Court will **RESERVE RULING** as to the award of court reporting fees pending Defendants' submission of further evidence relating to this cost. Accordingly, it is

**ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 130) is **ADOPTED, CONFIRMED**, and **APPROVED** as to Defendants' request for court filing fees, mediation costs, and print and copy fees, and is made a part of this Order for all purposes, including appellate review. Defendants' Motion for Costs (Doc. 128) is hereby **DENIED IN PART** and **DEFERRED IN PART**.

(2) The Court **RESERVES RULING** on the portion of the Report and Recommendation recommending that the Court tax costs against Plaintiff in the amount of $1,156.00. **On or before May 22, 2020**, Defendants shall provide further evidence as to the nature of the expenses included in the court reporting fees, such as an itemized invoice, for example.

**DONE AND ORDERED** at Tampa, Florida on May 8, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Julie S. Sneed
Counsel of Record